## WILLIAM HERFURTH

*vs.*

## THE CORPORATION OF WASHINGTON.

1. A municipality is only liable for the negligence of a licencee under its authority when it has notice of such negligence.
2. Whether exemplary damages can be recovered against a municipality for the negligence of its licencee *quare.* The case at bar held on the facts to be, at all events, not one for exemplary damages.

Law.   No. 1925.   Decided June 3, 1868.

MOTION for a new trial on exceptions.

THE ACTION was brought to recover damages for injuries resulting to the plaintiff by being thrown from his buggy and breaking his arm in consequence of running into an open sewer ditch on Sixth Street near D Street northwest in the City of Washington.   The evidence showed that lamps had been placed around the ditch and that they had been lighted, but there was no proof that they were burning at the time the accident occurred.

THE COURT* gave the following charge to the jury:

It is made the duty of the corporation by the law of its charter, to see to it that all its streets are kept free of nuisances, and that nothing being allowed to remain there, for even an hour, which is dangerous to the lives or safety of the public.   This is the general rule as to its responsibility.

If a nuisance have been placed in one of the public streets by a private individual without the previous consent or knowledge of the corporation and an injury is thereby caused, the corporation is not liable for the damage, unless

---

*Mr. Justice Wylie presiding.

the nuisance had continued sufficiently long to become known to its officers or actual notice been given to them of its existence.

But, on the other hand, if the nuisance have been placed or erected in the streets in pursuance of a license or permission granted for that purpose by the corporation, its responsibility for the structure commences from that instant as though it was its own work.

The necessities of society under certain circumstances will justify what might otherwise be a nuisance.  Fuel may be placed in the street until it can be removed to its owner's premises; building materials may be left there till they can be used; and excavations for water, gas, or sewer pipes may be made in the streets.

But all these encroachments must be reasonable both as to their extent and duration, must be guarded and so protected as to secure the passers from danger; and if they be not so guarded and protected they remain plain nuisances, and if damage results in consequence the corporation is responsible if it have had notice of their existence.   Every possible precaution against danger is required of the corporation in such cases; and the streets must at all times be kept as safe for the public as they would be if such obstructions were absent.

This constitutes the broad and plain path of duty for the corporation, which, if faithfully followed, will prove its sure protection under all circumstances and has been already laid down by the Supreme Court of U. S. in Chicago vs. Robbins, 2 Bl., 418.

But this rule as to the duty of the corporation is not to be interpreted, so as to confer a license on any one who chooses so to ventilate his independence to run amuck against any thing he may find in his way, in defiance of the dictates of common sense, and violation of the voice of prudence and of reason, and if he have thus plunged himself into a ditch or upon some barrier, and broken his arms

*37*

or legs, to demand of the corporation damages for the self inflicted injury.

There are, doubtless, to be found encroached upon the public streets òf this city a number of substantial fences, and other permanent structures which are legal nuisances, and for whose continuance the city is responsible. But would any one pretend that the city should be held liable in damages to the man who wilfully or through his own clear negligence, had run his horses and carriage on such obstructions?

The principle of law is the same in regard to excavations in the streets. Although it be a neglect of duty on the part of the city, if they be not so guarded as to leave the street just as secure after they have been made as it was before, yet if any one will drive his horses without looking where he is going, or so furiously as to violate the law in that respect, and lose the control of them, and injury happen to him in consequence, he must himself bear the loss.

In the case of Davies *vs.* Mann, 10 Mees. and W. 546, the plaintiff was the owner of an ass which he had fettered and hitched in the public highway, so that it could not get out of the way. The defendant negligently drove his horses and wagon against and killed the ass. It was held that the plaintiff was entitled to recover for the loss of his animal, notwithstanding his own illegal act, in so putting him in the public highway.

In Riddle *vs.* Proprietors of Locks, &c., 7 Mass. R., 169, it was held that although it was the duty of the defendants, imposed on them by law, to make and keep the canal and its locks in good navigable repair, they were not liable for damages to the plaintiff, unless he had himself acted with reasonable discretion and prudence.

In Butterfield *vs.* Forrester, 11 East. R., 60, Ld. Ellenborough, Ch. J., states the general rule with perfect precision, as follows: "One person being in fault will not dispense with another using ordinary care for himself.

Two things must concur to support this action—an obstruction in the road by the default of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff."

On the other hand, it is my duty to instruct you that "if the defendant be guilty of a degree of negligence, from which the plaintiff, with the exercise of ordinary care, cannot escape, he may recover, although there was want of prudence on his part;" and applying this rule to the case before you, if you find from the evidence that the excavation on Sixth Street, at which this plaintiff received his injuries, was of such a character and so situated, and so left unprotected, that the plaintiff could not have escaped it on that occasion by the use of ordinary care, he is, nevertheless, entitled to recover, notwithstanding there may have been a want of prudence on his part.

After having applied these principles and rules of law to the facts in the case, as you shall find them, should you come to the conclusion that the plaintiff is entitled to recover, the next question will be as to the amount of damages you will give.

On this subject the Court is constrained to say to you that there seems to be no exact and well defined rules to govern your discretion. You are, nevertheless, to consider the actual loss to the plaintiff, both past, present, and prospective, sustained in consequence of his injuries, and this is the very lowest amount you would be justified in giving. You are to consider the injury to his health, the use of his limbs, his ability to labor and attend to his affairs, and generally to pursue the course of life he might otherwise have pursued; and also the bodily pain and suffering which they have produced. But all these should be the legal, direct, and necessary results of the injury and not fanciful or conjectural.

And although the facts of this case are such that you ought not to render a verdict for punitive or vindictive damages, yet the Court is not prepared to say that you are

to shut your eyes to the public example which may be set by your verdict.

The mental suffering which sometimes results from injuries of this kind ought not to enter into your consideration. That element is too uncertain to be taken into account in making up a verdict for dollars and cents. Worlds would not compensate to a person of high intellectual and nervous organization for the mental anguish resulting from a limb fracture by a headlong plunge into a ditch in a public highway in the darkness of night and the subsequent physical anguish. There are others of a grosser nature composing, probably, much the more numerous class, whose sensibilities are more callous, and to whom physical pain is the only suffering, and even as to that they are comparatively indifferent. The prize-fighter whose highest ambition is to imitate the example of the bull-dog (which is indeed his superior in all those points in which he most prides himself) and risks his life and limbs for money, would hardly receive justice at the hands of a jury if the amount of his damages were to depend upon proof of the refinement and susceptibility of his nervous organization.

A verdict of $1,500 was rendered for plaintiff.

MESSRS. BRENT and MERRICK, for plaintiff:

The charge of the Court as to the responsibility of the corporation for accidents occurring by reason of the improper condition of the public streets, is fully sustained by the cases of Storrs vs. City of Utica, 17 N. Y., (3 Smith,) 104; Chicago vs. Robbins, 2 Blk., 418.

As to the amount of prudence used by plaintiff, where he could not avoid the accident by the exercise of ordinary care. The Propeller Genessee Chief vs. Fitzhugh, 12 How., 461; 3 Man. and Ry., 105.

The remarks of the justice, as to the damages, were fully warranted by the evidence.

MR. JOSEPH H. BRADLEY, JR., for defendant.

MR. CHIEF JUSTICE CARTTER delivered the opinion of the Court.

The corporation of Washington is only responsible for the negligence of a licensee under its authority when charged with notice of his default. The City is not an insurer in any event of the safety of the citizen passing along the public highway. This case stands precisely as it would if a private individual had made a nuisance of the highway of which the corporation had no notice. We do not think that the case is one for exemplary damages.

MR. JUSTICE OLIN said:

The whole doctrine of exemplary damages as applied to an agent has no solid foundation. Such a case as this is not a case for exemplary damages. The corporation of Washington is an agent of the people. The people are bound for their negligence, but they are not insurers of every wayfarer on the streets.

MR. JUSTICE FISHER said:

There must be carelessness on the part of the corporation proved. In a case where there were lights placed by the corporation and afterwards extinguished by the wantonness or malice of boys, or drunken parties at a late hour, the city cannot be made responsible for a resulting injury. As to exemplary damages, there is no difference between them and punitive damages. They are identical and can be given only in the same cases.

Judgment reversed and a new trial granted.